SKINNER v. STATE ex rel. WILLIAMSON, Atty. Gen.

No. 28229. Jan. 30, 1945.

*155 P. 2d 715.*

Claud Briggs and John Morrison, both of Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Owen J. Watts, Asst. Atty. Gen., for defendant in error.

HURST, V.C.J. On February 18, 1941, this court sustained the constitutionality of the Oklahoma Habitual Criminal Sterilization Act, S. L. 1935, p. 94, 57 O.S. 1941 §§ 171-195. Skinner v. State, 189 Okla. 235, 115 P. 2d 123. The United States Supreme Court granted certiorari. On June 1, 1942, the court reversed our decision and held that the act violates the equal protection clause of the Fourteenth Amendment to the United States Constitution, unless this court can, by a process of excision, "by enlarging on the one hand or contracting on the other the class of criminals who might be sterilized," make the act satisfy the requirements of the equal protection clause. Skinner v. State of Oklahoma, 316 U.S. 535, 86 L. Ed. 1655, 62 S. Ct. 1110. The basis of the decision was that under the laws of Oklahoma the crimes of larceny and embezzlement involve "intrinsically the same quality of offense," the only real distinction being the time when the fraudulent or felonious intent arises.

We believe the act is plain in including those convicted of larceny among the persons covered by the act and in

excluding therefrom persons convicted of embezzlement. We cannot, therefore, use the severability clause as a justification for us to invade the legislative field so as to make the act comply with the requirements of the equal protection clause as suggested.

Reversed, with directions to dismiss the cause.

GIBSON, C.J., and RILEY, OSBORN, BAYLESS, WELCH, CORN, and DAVISON, JJ., concur.