The Attorney General is in receipt of your request for an opinion wherein you ask, in effect, the following questions: 1. Does the penalty assessed for failure to register and license a motor vehicle pursuant to 47 O.S. 22.13 [47-22.13] (1978) constitute excessive fines under Article II, Section 9 of the Constitution of the State of Oklahoma and/or are such penalties unconstitutional under any other section of the Oklahoma Constitution? 2. If such fines are unconstitutional, is the Oklahoma Tax Commission required to refund all such penalties? 3. Is the Oklahoma Tax Commission required to notify a person as to his liability, date of that liability and the penalty for not registering or licensing the vehicle? The above questions can be answered specifically by referring to the Motor Vehicle License and Registration Act, found at 47 O.S. 22 [47-22] (1977). Title 47 O.S. 22.13 [47-22.13] (1978), sets forth certain penalties for failure to register one's vehicle with the Oklahoma Tax Commission. Article II, Section 9 of the Oklahoma Constitution, entitled "Excessive bail or fines — cruel and unusual punishments" states as follows: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." It has been held in the Oklahoma case of Skinner v. State, ex rel. Williamson, 189 Okla. 235, 115 P.2d 123 (1941), reversed on other grounds, 316 U.S. 35, 62 S.Ct. 1110,86 L.Ed. 1655, conformed to, 195 Okla. 106, 155 P.2d 713
(1945), that Article II, Section 9 of the Oklahoma Constitution applies to punishment for a crime. Therefore, the penalty assessed for failure to register and license a motor vehicle pursuant to 47 O.S. 22.13 [47-22.13] (1978) does not constitute excessive fines under Article II, Section 9 of the Oklahoma Constitution. Also, reviewing the Constitution of the State of Oklahoma, there are no provisions where penalties are unconstitutional per se. Since question one is answered in the negative, then the answer to question two is, also, in the negative since fines are not unconstitutional under the Oklahoma Constitution per se. As to question three, the Oklahoma Tax Commission is not required to give formal notice to one's liability, date of liability and penalty for not registering or licensing the vehicle. However, the individual, in effect, has notice several ways. First, the person effected would have notice of pertinent statutes governing the registration of a motor vehicle under the Motor Vehicle License and Registration Act, 47 O.S. 22 [47-22] (1977). Second, 47 O.S. 22.30 [47-22.30](1) (1978) states in part as follows: "Commencing November 15, 1977, the Commission shall initiate a mail order vehicle registration notification program which shall consist of notification annually to all vehicle owners in this state of such time and owner shall register and license his vehicle as provided for in this title. The notification shall include a break down of all charges to be paid by the owner, other items deemed necessary by the Commission and shall notify the owner that he has the option of paying his registration and receiving his license plate through the mail directly from the Commission or of registering and receiving his license plate from a motor license agent. On the back of such registration notification form there shall be an explanation of the apportionment of all license fees and penalties collected and their disposition. Such explanation shall include information as to all charges included in the total license fee and any fees or charges incident to the registration of a motor vehicle, to include all fees that a motor license agent is authorized to collect." "Failure by owner of a vehicle to receive registration notification provided for in this act shall not in any manner relieve such person from the obligation of proper and timely registration and licensing of such vehicle, and such person shall be subject to any penalties prescribed by this act." Therefore, the Commission (the Oklahoma Tax Commission at 47 O.S. 22.13 [47-22.13] Sub. 5 (1978)), by giving notice of the time the vehicle owner is to register his vehicle is giving actual notice to the owner that he must register his motor vehicle. Furthermore, when one's yearly tag expires one would have notice that a tag needs to be renewed. The tag itself gives notice of the month and year the tag expires. Thus, procedural due process under the Oklahoma and Federal Constitution is complied with. It is, therefore, the official opinion of the Attorney General that: 1. The penalty assessed for failure to register and license a motor vehicle pursuant to 47 O.S. 22.13 [47-22.13] (1978) does not constitute excessive fines under Article II, Section 9 of the Oklahoma Constitution since Article II, Section 9 only applies to matters which are criminal in nature. Also, penalties are not unconstitutional per se under the Oklahoma Constitution. 2. Since such fines are not unconstitutional per se in Oklahoma under the Oklahoma Constitution, the Tax Commission is not required to refund any penalties. 3. The Oklahoma Tax Commission is not required to give actual notice to a person as to his liability, date of that liability and the penalty for not registering or licensing the motor vehicle. The individual has sufficient notice of the Oklahoma Statutes. The individual is also given actual notice, in effect, when the Tax Commission notifies the owner of the vehicle's date of registration and licensing. Also, the individual has notice when one's yearly tag expires. Thus, procedural due process under the Oklahoma Constitution and the Constitution of the United States is complied with. (STEPHEN F. SHANBOUR) (ksg)